

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____

**Signed November 24, 2020**

**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **CASE NO. 20-40283** |
| **LIZAMA CARRIERS, LLC,**[1] | § | |
| | § | **CHAPTER 11 CASE** |
| Debtor. | § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING**
**DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION, AS MODIFIED**

Came on for consideration confirmation of the _Debtor's First Amended Plan of Reorganization_ [Dkt. No. 173] (the "**Original Plan**"), as amended by the _Debtor's Second Amended Plan of Reorganization_ [Dkt. No. 201] (as further amended by certain modifications set forth within a previously proposed form of confirmation order submitted to the Court in connection with the October 15, 2020 hearing, the "**Proposed Revised Plan**") and now the _Debtor's Third Amended Plan of Reorganization_ [Dkt. 231] (the "**Third Amended Plan**," and as modified herein, the "**Plan**"), and the presiding United States Bankruptcy Court for the Northern District of Texas (the "**Court**") having entered the _Order (A) Approving Second_

---

[1] The Debtor's federal tax number is 46-1462824.

*Amended Disclosure Statement Regarding Debtor's Plan of Reorganization; (B) Scheduling Confirmation Hearing; and (C) Scheduling Voting and Objection Deadlines* [Dkt. No. 180] (the "**Disclosure Order**"), thereby approving the *Debtor's Second Amended Disclosure Statement Regarding Original Plan of Reorganization* [Dkt. No. 174] (as modified to conform with approved dates and deadlines [*see* Dkt. No. 181], the "**Disclosure Statement**"); and the Disclosure Statement and Original Plan having been served on or otherwise been made available to all holders of Claims[2] against and Interests in Debtor Lizama Carriers, LLC (the "**Debtor**") and other parties in interest; and upon the hearing to consider confirmation of the Original Plan, as subsequently amended by the Proposed Revised Plan, the Third Amended Plan and the final Plan, conducted on October 13, 15 and 19, 2020 and November 23, 2020 (the "**Confirmation Hearing**"); and adequate and sufficient notice of the Plan and Confirmation Hearing having been provided to holders of Claims and Interests, in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the orders of this Court, and such notice being sufficient under the circumstances and no other or further notice being required; and all objections to confirmation of the Plan having been withdrawn, resolved or overruled by the Court; and upon the entire record of this Case, the record made at the Confirmation Hearing and the arguments of counsel and all of the evidence adduced therefrom; and the Court having determined based upon all of the foregoing, including, without limitation, the oral ruling provided in relation to the Proposed Revised Plan on October 19, 2020 and the oral ruling provided in relation to the Plan on November 23, 2020, which rulings are incorporated herein by

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Plan.

reference, that the Plan should be confirmed; and after due deliberation and good cause appearing therefor, the Court hereby:

## I. FINDS, DETERMINES AND CONCLUDES AS FOLLOWS:

A.  <u>Findings and Conclusions</u>. The findings and conclusions set forth herein and in the record at the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

## II. CHAPTER 11 CASE

B.  <u>Jurisdiction, Venue, Core Proceeding</u>. The Court has jurisdiction over the above-captioned chapter 11 case (the "**Case**") pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O), and this Court has jurisdiction to enter a final order with respect thereto. The Debtor is an eligible chapter 11 debtor pursuant to section 109 of the Bankruptcy Code. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  <u>Commencement of the Case</u>. On January 22, 2020 (the "**Petition Date**") the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has been operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committee of unsecured creditors was formed, and no trustee or examiner was appointed in the Case.

D.  <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Debtor's Case that is maintained by the Clerk of the Court and the pleadings reflected therein, including,

without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Case.

### III. SOLICITATION AND NOTICE

E. <u>Solicitation and Notice.</u> On September 10, 2020, the Court entered the Disclosure Order, approving the Disclosure Statement, pursuant to section 1125 of the Bankruptcy Code, and establishing procedures for the solicitation of votes on the Original Plan. The following materials were served upon parties in interest in compliance with the Bankruptcy Rules and the Disclosure Order:

- the Original Plan;

- the Disclosure Statement;

- the Disclosure Order;

- the ballots for voting on the Original Plan (the "**Ballots**");

- notice of the initially-set Confirmation Hearing; and

- A letter from the Plan Proponent providing general instructions.

(collectively, the "**Solicitation Material**"). As described in the *Certificate of Service* filed by the Plan Proponent on October 12, 2020 [Dkt. No. 211], the Solicitation Material was properly served on all holders of Claims and Interests and other parties in interest in compliance with the Bankruptcy Rules and Disclosure Order.

F. <u>Voting.</u> Votes on the Original Plan were solicited after disclosure to holders of Claims and Interests of "adequate information" as defined in section 1125 of the Bankruptcy Code. Votes to accept or reject the Original Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Disclosure Order, Bankruptcy Code, the Bankruptcy

Rules, and the Local Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**").

G.    <u>Modifications to Third Amended Plan</u>.  At the continued Confirmation Hearing on November 23, 2020, the Debtor agreed to modify the Third Amended Plan in the following ways (resulting in the final form of the Plan):

(i)    *Elimination of Class 7*: The provisions of Sections 2.3.7 and 3.3.7 are amended and replaced in their entirety with the following language: "Intentionally Omitted."

(ii)    *Correction of Class 2B Monthly Payment Amount*: Section 3.3.2 of the Third Amended Plan is amended to change the monthly payment amount to be paid to the holder of the Class 2B Claim from "$1,6500.00" to "$1,650.00."

(iii)    *Supplementation to Class 8 Treatment*: Section 3.3.8 of the Third Amended Plan is amended to add the following language at the end of the section: "Failure to timely pay postpetition taxes shall be an event of default under the Plan solely with regard to a taxing authority."

## IV.  COMPLIANCE WITH THE REQUIREMENTS OF SECTION 1129 OF THE BANKRUPTCY CODE

H.    <u>Burden of Proof</u>. The Debtor, as the Plan Proponent, has met its burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard.

I.    <u>Bankruptcy Rule 3016(a)</u>. The Plan is dated and identifies the Debtor as the Plan Proponent, in compliance with Bankruptcy Rule 3016(a).

J.    <u>Plan Compliance with section 1129(a)(1) of the Bankruptcy Code</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

i.    <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>. As required by section 1123(a)(1) of the Bankruptcy Code, in addition to Administrative Expense Claims and Priority Claims, which need not be classified, Article

II of the Plan designates 9 Classes of Claims and Interests (excluding Class 7, which has been eliminated). Pursuant to section 3.3.2 of the Plan, Class 2 is further broken down into two subclasses – Class 2A and Class 2B – which are treated as separate and distinct Classes for purposes of discussing the Plan's compliance with sections 1129(a)(1), 1122 and 1123(a)(1) of the Bankruptcy Code herein. As required by section 1122(a) of the Bankruptcy Code, the Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not effect unfair discrimination between holders of Claims and Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

ii.    Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)). Articles III and IV of the Plan specify that Classes 1, 8 and 10 are not impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

iii.    Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Articles III and IV of the Plan specify that Classes 2 – 6 and 9 are impaired and Article III of the Plan sets forth the treatment of such impaired Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

iv.    No Discrimination (11 U.S.C. § 1123(a)(4)). Article IV of the Plan provides for the same treatment under the Plan for each Claim or Interest

in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment in respect of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

v.    Implementation of the Plan (11 U.S.C. § 1123(a)(5)). The Plan provides for adequate and proper means for its implementation including, without limitation, (a) the designation of the Reorganized Debtor as the distribution agent, (b) the assumption of any executory contracts not previously assumed or assigned, (c) the documentation of pre-confirmation settlements with Creditors, (d) the vesting of assets of the Estate in the Reorganized Debtor and (e) the execution, delivery, filing, or recording of all contracts, instruments, releases, and other agreements or documents related to the foregoing, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

vi.    Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)). The Debtor is not issuing any nonvoting equity securities, thereby satisfying section 1123(a)(6) of the Bankruptcy Code.

vii.    Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)). The officers of the Reorganized Debtor shall be substantially the same as the officers of the Debtor on the Effective Date. The foregoing provisions of the Plan for the selection of managers and officers are consistent with the best interests of Creditors and Interestholders and with public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

K.     Additional Plan Provisions (11 U.S.C. § 1123(b)). The additional provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b)(1) of the Bankruptcy Code.

     i.    Impairment/Unimpairment of Classes of Claims or Interests (11 U.S.C. § 1123(b)(1). Pursuant to the Plan, Classes 8 and 10 are unimpaired and Classes 2 – 6 and 9 are impaired, as contemplated by section 1123(b)(1) of the Bankruptcy Code.

     ii.    Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2)). Article VII of the Plan provides the assumption of all executory contracts and leases that were not previously rejected during the Case or assumed prior to the Confirmation date.

     iii.    Other Appropriate Provisions (11 U.S.C § 1123(b)(4)). The Plan's other provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (a) distributions to holders of Claims and Interests, (b) retention of, and the right to enforce, sue on, settle, or compromise (of refuse to do any of the foregoing with respect to) certain claims and causes of action against third parties, (c) resolution of disputed claims, (d) releases by the Debtor of certain parties, (e) releases by holders of Claims and Interests, and (f) exculpation of certain parties.

     iv.    Adequate Means for Implementation (11 U.S.C. § 1123(b)(5). The Plan provides adequate means for its implementation, including (a) leaving

Case 20-40283-elm11 Doc 246 Filed 11/24/20 Entered 11/24/20 13:46:52 Page 9 of 27


unaffected the rights of holders of Claims and Interests in Classes 1, 8 and 10 and (b) affecting the rights of holders of Claims in Classes 2 – 6 and 9.

  v. <u>Cure of Defaults (11 U.S.C. § 1123(d))</u>. The Plan does not contemplate the cure of any defaults. Thus, section 1123(d) of the Bankruptcy Code is inapplicable.

 L. <u>The Debtor's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.

The Debtor has complied with the applicable provisions of the Bankruptcy Code, including:

  i. The Debtor is an eligible chapter 11 debtor under section 109 of the Bankruptcy Code;

  ii. The Debtor has complied with all provisions of the Bankruptcy Code and Bankruptcy Rules, except as otherwise provided or permitted by orders of this Court; and

  iii. The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in transmitting the Original Plan, the Disclosure Statement, the Ballots and related documents and notices and in soliciting and tabulating the votes on the Original Plan. With respect to the amendments to the Original Plan made by the Proposed Revised Plan, the Third Amended Plan and the final form of the Plan, to the extent of the materiality of any such amendments, because the amendments do not adversely impact or affect the rights of any Creditors or Interestholder or the treatment afforded to any impaired Class of Claims, no additional disclosure is required pursuant to sections 1125 and 1127(c) of the Bankruptcy Code and it is unnecessary to provide an

THIRD AMENDED PLAN OF REORGANIZATION, AS MODIFIED    Page 9
4845-8712-6994\2

opportunity to the holders of Claims within impaired classes to change

their votes in relation to the Original Plan, which votes shall apply with

equal force to the Plan in accordance with section 1127(d) of the

Bankruptcy Code.

M. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtor has

proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying

section 1129(a)(3) of the Bankruptcy Code. The Debtor's good faith is evident from the facts and

record of the Case, the Disclosure Statement, and the record of the Confirmation Hearing and the

other proceedings in the Case. The Plan was proposed with the legitimate and honest purpose of

maximizing the value of the Debtor's Estate and to effectuate a reorganization of the Debtor. The

Plan was negotiated at arm's-length among representatives of the Debtor and other constituents.

Further, the Plan's classification, indemnification, exculpation, release, and injunction

provisions, have been proposed and negotiated in good faith and at arm's-length. Such

provisions are consistent with sections 105, 1122, 1123(b)(6), 1129, and 1142 of the Bankruptcy

Code, are each necessary for the success of the Plan, and were not included in the Plan for any

improper purpose.

N. <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any

payment made or to be made by the Debtor, or by a person acquiring property under the Plan, for

services or for costs and expenses in connection with the Case, or in connection with the Plan

and incident to the Case, has been approved by, or is subject to the approval of, the Bankruptcy

Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

O. <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>. The Debtor has

complied with section 1129(a)(5) of the Bankruptcy Code. It has been disclosed in the Plan and

in the Disclosure Statement that the former management, which are owners and insiders, will continue in that capacity after confirmation of the Plan, and the continuance in such office by the former management is consistent with the interests of holders of Claims against and Interests in the Debtor and with public policy.

P.     No Rate Changes (11 U.S.C. § 1129(a)(6)). Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Debtor.

Q.     Best Interest of Creditors (11 U.S.C. § 1129(a)(7)). The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Debtor is reorganizing and plans to pay all secured creditors in full and provide unsecured creditors a substantial recovery. If the Case were converted to cases under chapter 7 of the Bankruptcy Code, (a) the Estate would suffer substantially from a lack of new revenue that is being used to satisfy Claims, (b) additional costs and expenses would be incurred by a chapter 7 trustee, (c) unsecured creditors would face zero recovery and (d) secured creditors would face a reduced recovery. Every non-insider creditor unquestionably stands to receive more under the Plan than under a chapter 7 liquidation. Accordingly, the Plan satisfies the "best interest of creditors" test with respect to each of Classes pursuant to section 1129(a)(7) of the Bankruptcy Code.

R.     Acceptance by/Unimpairment of Certain Classes (11 U.S.C. § 1129(a)(8)). Classes 1, 8 and 10 are unimpaired by the Plan and holders of Claims in such Classes are thus conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Classes 2A, 2B, 3, 4, 5, 6 and 9 are impaired by the Plan, and each such Class, with the exception of Class 5, has voted to accept the Plan in accordance with section 1126(d) of the Bankruptcy Code. Because no votes were cast in relation to Class 5, Class 5 has not accepted the Plan in accordance with section 1126(d) of the Bankruptcy Code.  Therefore, section 1129(a)(8)

of the Bankruptcy Code has not been satisfied. Accordingly, in relation to Class 5 of the Plan, the Debtor request confirmation of the Plan pursuant to the provisions of section 1129(b) of the Bankruptcy Code, as detailed below.

S. _Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))._ The treatment of Administrative Expense Claims and Priority Claims pursuant to Article III of the Plan satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

T. _Acceptance By At Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10))._ All impaired Classes of Claims, other than Class 5, have voted to accept the Plan. Therefore, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

U. _Feasibility (11 U.S.C. § 1129(a)(11))._ The Debtor has demonstrated pursuant to, among other things, the testimony of Nelson Lizama and the Debtor's financial projections admitted into evidence at the Confirmation Hearing (_see_ Exhibit Debtor's Exh. 10 from October 15, 2020 hearing; Debtor's Exh. 5 from November 23, 2020 hearing) that the Plan is feasible and will likely not result in any future bankruptcy filing, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

V. _Payment of Fees (11 U.S.C. § 1129(a)(12))._ All fees due and payable pursuant to section 1930 of chapter 123 of title 28, United States Code, as determined by the Court, have been or will be paid by the Debtor on the Effective Date, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

W. _Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))._ The Debtor will continue any retiree benefits maintained pre-confirmation, in accordance with section 1129(a)(13) of the Bankruptcy Code.

X.      No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)). The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in this Case.

Y.      Debtor Is Not An Individual (11 U.S.C. § 1129(a)(15)). The Debtor is not an individual and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable in this Case.

Z.      No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)). The Debtor is not a non-profit corporation or trust. Accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable in this Case.

AA.     The Plan Does Not Discriminate Unfairly and is Fair and Equitable With Respect to Class 5. With respect to Class 5 of the Plan, the treatment afforded to the holder of the Allowed Secured Claim of Nissan pursuant to section 3.3.5 of the Plan is not unfairly discriminatory. The amount of the monthly payment proposed is reasonable in light of the nature of the collateral at issue, and the interest rate proposed is commensurate with the treatment afforded to other Classes of Secured Claims secured by vehicle collateral. The Plan is also fair and equitable to Class 5 inasmuch as, consistent with the requirements of section 1129(b)(2)(A)(i) of the Bankruptcy Code, the Plan provides for the retention of liens securing the Class 5 Claim until the Claim is paid in full, and the Plan provides for the holder of the Class 5 Claim to receive deferred cash payments on account of the Class 5 Claim totaling at least the Allowed amount of such Claim having a value, as of the Effective Date of the Plan, of at least the value of the Class 5 Claimholder's interest in the Estate's interest in the collateral securing the Class 5 Claim.

BB.     <u>Only One Plan (11 U.S.C. § 1129(c))</u>. The Plan is the only plan subject to confirmation. Section 1129(c) of the Bankruptcy Code has been satisfied.

CC.     <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, thereby satisfying section 1129(d) of the Bankruptcy Code.

DD.     <u>Small Business Case (11 U.S.C. § 1129(e))</u>. This provision is not applicable because the Debtor is not a small busines debtor (as defined in the Bankruptcy Code).

## V.  COMPLIANCE WITH SECTION 1125 OF THE BANKRUPTCY CODE

EE.     <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record before the Court in this Case, the Debtor and its present or former members, managers, officers, directors, employees, equity holders, partners, affiliates, funds, advisors, attorneys, agents, successors and assigns, and all other persons involved in the solicitation process, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in connection with all of their respective activities arising out of, relating to or connected with the administration of this Case, the negotiation and pursuit of approval of the Disclosure Statement, the solicitation of acceptances of the Original Plan, and the pursuit of confirmation of the Plan, and are, therefore, entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

## VI.  PLAN IMPLEMENTATION

FF.     The terms of the Plan are incorporated by reference and are, except as addressed herein or in any future order of the Court contemplated by this Confirmation Order, proper in all respects, and constitute an integral part of this Confirmation Order.

GG.     The Plan has been negotiated in good faith and at arm's-length and shall, on and after the Effective Date, constitute legal, valid, binding and authorized obligations of the respective parties thereto and will be enforceable in accordance with their terms.

HH.     Pursuant to section 1142(a) of the Bankruptcy Code, except as addressed herein, the Plan will apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law. The Debtor and its members, managers, officers, directors, agents, advisors, attorneys, employees, equity holders, partners, affiliates, funds, agents and representatives will be acting in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions, transfers and documentation contemplated thereby and (ii) take any actions authorized and directed by this Confirmation Order.

II.     <u>Exemption from Transfer Taxes</u>. Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of notes or equity securities under or in connection with the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any merger agreements or agreements of consolidation, deeds, bills of sale, or assignments executed in connection with any of the transactions contemplated under the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

## VII.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

JJ.     The Debtor has exercised sound business judgment in determining whether to assume or reject each of their executory contracts and unexpired leases pursuant to Article VII of the Plan. Each assumption or rejection of an executory contract or unexpired lease as provided in Section 7.1 of the Plan shall be legal, valid, and binding upon the applicable Reorganized Debtor

and all non-Debtor counterparties to such contracts or leases, and satisfies the requirements of section 365 of the Bankruptcy Code including, without limitation, section 365(d)(4).

## VIII. EXCULPATION, INJUNCTIONS AND RELEASES

KK.    The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the exculpation, injunctions, stays and releases set forth in sections 5.4, 5.5, 5.7 and 9.4 of the Plan. Section 105(a) of the Bankruptcy Code permits issuance of the injunctions and approval of the consensual releases and injunctions set forth in sections 5.5, 5.7 and 9.4 of the Plan if, as has been established here based upon the record in the Case and the evidence presented at the Confirmation Hearing, such provisions (i) were essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtor's Estate, (iii) are fair, equitable and reasonable, and (iv) are in the best interest of the Debtor, its Estate, and parties in interest. Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the releases, exculpation, and injunctions set forth in the Plan and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtor, the Reorganized Debtor and their estates, creditors and equity holders. The releases of non-Debtors under the Plan are fair to holders of Claims and Interests and are necessary to the proposed reorganization. Such releases are given in exchange for and are supported by fair, sufficient, and adequate consideration provided by each and all of the parties providing such releases. The record of the Confirmation Hearing and this Case is sufficient to support the releases and injunctions provided for in sections 5.4, 5.5, 5.7 and 9.4 of the Plan. Accordingly, based upon the record of this Case, the representations of the parties, and the evidence proffered, adduced, and/or presented at the Confirmation Hearing, this Court finds that the injunctions and releases set forth in Articles V

and IX of the Plan are consistent with the Bankruptcy Code and applicable law. The failure to implement the injunctions and releases would seriously impair the Debtor's ability to confirm the Plan and reorganize.

## IX. OTHER FINDINGS

LL.     <u>Conditions Precedent to Confirmation</u>. The conditions precedent to confirmation set forth in Section 11.1 of the Plan have been satisfied.

MM.     <u>Retention of Jurisdiction</u>. This Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in Article X of the Plan and section 1142 of the Bankruptcy Code.

NN.     <u>Objections</u>. All parties have had a full and fair opportunity to file objections to confirmation of the Plan and to litigate any such objections. All objections to confirmation, with the sole exception of the objection of PACCAR Financial Corp. [Dkt. No. 190] (the "**PACCAR Objection**"), have been withdrawn or resolved by agreement by modified language included within the Plan and in this Confirmation Order.  For the reasons stated by the Court in its October 19, 2020 oral ruling, the PACCAR Objection is overruled.

## X. CONFIRMATION OF THE PLAN

OO.     Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code and shall be confirmed.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     <u>Confirmation</u>. The Plan shall be, and hereby is, confirmed pursuant to section 1129 of the Bankruptcy Code.

2.      <u>Solicitation and Notice</u>. Notice of the Confirmation Hearing and the solicitation of votes on the Original Plan complied with the terms of the Disclosure Order, were appropriate and satisfactory based upon the circumstances of the Debtor's Case, and were in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Pursuant to section 1127(d) of the Bankruptcy Code, the votes apply with equal force and effect to the Plan.

3.      <u>Disclosure Statement.</u> The Disclosure Statement was approved by the Disclosure Order, pursuant to section 1125 of the Bankruptcy Code.

4.      <u>Objections</u>. No objections to the Disclosure Statement were filed or otherwise raised.

5.      <u>Binding Effect</u>. Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code and subject to the occurrence of the Effective Date, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim against or Interest in the Debtor and such holder's respective successors and assigns, whether or not such Claim or Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

6.      <u>Plan Classification Controlling</u>. The classification of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots submitted in connection with voting on the Plan: (a) were solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims and Interests under the Plan for distribution purposes; and (c) shall not be binding on the Debtor for any purpose other than voting on the Plan.

7. <u>Distributions Under the Plan</u>. All distributions under the Plan shall be made in accordance with Articles III and V of the Plan.

8. <u>Vesting of Assets (11 U.S.C. § 1141(b), (c))</u>. As set forth in section 9.2 of the Plan, the transfer of the Debtor's estate to the Reorganized Debtor does not constitute a voidable transfer under the Bankruptcy Code or applicable nonbankruptcy law.

9. <u>Releases of Liens</u>. Except as otherwise provided in the Plan or this Confirmation Order, upon the Effective Date, any Lien, mortgage, deed of trust and other security interest against the property of any Debtor shall be deemed cancelled, terminated, released, discharged and extinguished and all right, title, and interest of any holder of such Lien, mortgage, deed of trust, financing statement and other security interest, including any rights to any collateral thereunder, shall revert to the Reorganized Debtor and its successors and assigns. The Debtor, the Reorganized Debtor or their designees are authorized to make such filings or releases as necessary to effectuate the provisions of this paragraph.

10. <u>Retained Assets</u>. To the extent that the succession to assets of the Debtor by the Reorganized Debtor pursuant to the Plan are deemed to constitute "transfers" of property, such transfers of property to the Reorganized Debtor (a) are or shall be legal, valid, and effective transfers of property, (b) vest or shall vest the Reorganized Debtor with good title to such property, free and clear of all Liens, charges, Claims, encumbrances, or interests, except as expressly provided in the Plan or this Confirmation Order, (c) do not and shall not constitute avoidable transfers under the Bankruptcy Code or under applicable nonbankruptcy law, and (d) do not and shall not subject the Reorganized Debtor to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, by laws affecting successor or transferee liability.

11. <u>Notice of Confirmation Date and Effective Date</u>.

    (a)    <u>Notice of Entry of Confirmation Order</u>. Within five (5) Business Days after the Confirmation Date, the Debtor shall mail to all parties in interest in this Case notice of (i) the entry of this Confirmation Order and (ii) the last date to file (A) requests for payment of Administrative Expense Claims pursuant to section 3.3.1 of the Plan, and (B) Claims (including cure claims) arising from the assumption or rejection of any executory contracts and unexpired leases pursuant to section 7.1 of the Plan.

    (b)    <u>Notice of Effective Date</u>. Within five (5) Business Days after the Effective Date, the Debtor mail to all parties in interest in this Case notice of the occurrence of the Effective Date.

12. <u>Administrative Expense Claims</u>.

    (a)    <u>Filing</u>. All holders of Administrative Expense Claims (except for the United States Trustee) arising from the Petition Date through the Effective Date, shall file with the Court a request for payment of such Claims within thirty (30) days after the Effective Date. Any such request shall be served on the Debtor and its counsel and, at a minimum, set forth (i) the name of the holder of the Administrative Expense Claim, (ii) the amount of the Administrative Expense Claim, and (iii) the basis for the Administrative Expense Claim. A failure to file any such request in a timely fashion shall result in the discharge of such Administrative Expense Claim and its holder shall be forever barred from asserting such Administrative Expense Claim against the Debtor or Reorganized Debtor.

(b)     <u>Allowance</u>. An Administrative Expense Claim for which a request for payment has been timely filed shall become an Allowed Administrative Expense Claim unless an objection is filed by the date that is thirty (30) days after such Administrative Expense Claim is filed. If an objection is timely filed, the Administrative Expense Claim in question shall become an Allowed Administrative Expense Claim only to the extent so Allowed by Final Order of this Court.

(c)     <u>Payment</u>. Except to the extent that a holder of an Allowed Administrative Expense Claim requests a different treatment of such Administrative Expense Claim, each holder of an Allowed Administrative Expense Claim shall receive, on account of and in full satisfaction of such Administrative Expense Claim, Cash in an amount equal to the Allowed amount of such Administrative Expense Claim on the later of (i) the Effective Date, (ii) fifteen (15) days after entry of a Court order allowing such Administrative Expense Claim or (iii) when such Administrative Expense Claim becomes due.

13.     <u>Fee Claims.</u> Every Professional holding an Administrative Expense Claim that has not previously been the subject of a final fee application and accompanying Court order shall file a final application for payment of fees and reimbursement of expenses no later than the date that is thirty (30) days after the Effective Date. Any such final fee application shall conform to and comply with all applicable rules and regulations contained in the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. The last date to object to any final fee application shall be the twenty-fourth (24th) day after such fee application has been filed with the Bankruptcy

Court. All final fee applications shall be set for hearing on the same day, as the Court's calendar permits, after consultation with counsel to the Debtor. Allowed fee claims of Professionals shall be paid in full in Cash by the Debtor on the later of (A) the Effective Date or (B) fifteen (15) days after entry of a Court order allowing such fee claim.

14. <u>Record Date for Distributions</u>. The Record Date for Distributions shall be October 13, 2020 (the "**Distribution Record Date**"). The Reorganized Debtor and/or the disbursing agent shall have no obligation to recognize any transfer of any Interest or indebtedness after the Distribution Record Date and shall be entitled instead to recognize for all purposes under the Plan and this Confirmation Order, including to effect distributions under the Plan, only those record holders stated on the transfer ledgers or registers maintained by the Debtor as of the close of business on the Distribution Record Date.

15. <u>Unclaimed Distributions</u>. If any distribution to the holder of an Allowed Claim or Allowed Interest is returned as undeliverable, no further distributions to such holder shall be made unless and until the Debtor is notified of such holder's then-current address, at which time all missed distributions shall be made to such holder without interest; *provided, however,* that such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of one hundred eighty (180) days after the date of the distribution in question. After such 180th day, and notwithstanding any applicable federal or state escheat, abandoned, or unclaimed property laws to the contrary (i) all unclaimed property or interest in property in respect of the distribution in question shall revert to the Reorganized Debtor and thereafter be distributed Pro Rata to the holders of that Debtor's Allowed Claims in accordance with the terms of the Plan, and (ii) the Claim or Interest of any holder with respect to such unclaimed property or interest in property shall be discharged and forever barred.

16.  Assumption or Rejection of Executory Contracts and Unexpired Leases.

    (a)  General. Pursuant to Section 7.1 of the Plan, all executory contracts and leases, including without limitation tariffs, licenses, oral agreements and other regulatory agreements, that were not previously rejected during the Case or otherwise expressly assumed prior to the Confirmation Date are assumed under the Plan. This Confirmation Order shall constitute approval, pursuant to sections 365(a) and 1123(b) of the Bankruptcy Code, of the assumption or rejection of executory contracts and unexpired leases as described above upon the occurrence of the Effective Date. Such assumption or rejection shall be legal, valid, and binding upon the applicable Reorganized Debtor and all non-Debtor counterparties to such contracts or leases, and satisfies the requirements of section 365 of the Bankruptcy Code including, without limitation, section 365(d)(4).

    (b)  No Cure Amount. None of the assumed executory contracts or leases require any cure.

17.  General Authorization. Pursuant to sections 1142(a) and (b) of the Bankruptcy Code and any applicable provision of the business corporation laws of any other State, the Debtor and Reorganized Debtor are hereby authorized and empowered to, and shall, take such actions and perform such other acts as may be reasonably necessary or appropriate to comply with or implement the Plan. All matters provided for in the Plan involving the corporate structure of the Debtor or the Reorganized Debtor, and any corporate action required by the Debtor or the Reorganized Debtor in connection with the Plan shall be deemed to have occurred and shall be in effect, without any requirement of further action by any person or entity.

18.  <u>Payment of Statutory Fees.</u> The Debtor and Reorganized Debtor, as applicable, shall pay any and all fees pursuant to 28 U.S.C. § 1930(a)(6) until the Case is dismissed or closed. The Debtor and the Reorganized Debtor, as applicable, shall also make any and all reports pursuant to Bankruptcy Rule 2015(a) as may be required by the U.S. Trustee.

19.  <u>Governmental Approvals Not Required.</u> The Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

20.  <u>Filing and Recording.</u> This Confirmation Order (a) is and shall be effective as a determination that, on the Effective Date, all Claims and Interests existing prior to such date have been unconditionally released, discharged, and terminated, except as otherwise provided in the Plan, and (b) is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument. Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

21.     <u>Exemption from Transfer Taxes</u>. Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of notes or equity securities under or in connection with the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any merger agreements or agreements of consolidation, deeds, bills of sale, or assignments executed in connection with any of the transactions contemplated under the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax. Any sale transactions consummated by the Debtor and approved by the Court on and after the Petition Date through and including the Effective Date, including the transfers effectuated under the Plan, the sale by the Debtor of owned property pursuant to section 363(b) of the Bankruptcy Code, and the assumption, assignment, and sale by the Debtor of unexpired leases of non-residential real property pursuant to section 365(a) of the Bankruptcy Code, shall be deemed to have been made under, in furtherance of, or in connection with the Plan and, thus, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

22.     <u>Releases and Injunctions</u>. The releases and injunctions contained in Sections 5.4, 5.5, and 5.7 of the Plan are hereby approved.

23.     <u>Conditions to Effective Date</u>. The Plan shall not become effective unless and until the conditions set forth in Article XI of the Plan have been satisfied or waived pursuant to Section 11.1 of the Plan.

24.     <u>Retention of Jurisdiction</u>. Upon the Effective Date, the Bankruptcy Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in Article X of the Plan and section 1142 of the Bankruptcy Code.

25. <u>Appeal of the Confirmation Order</u>. Except as otherwise provided herein, if any provision of this Confirmation Order is hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court, such reversal, stay, modification or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtor or Reorganized Debtor prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any reversal, stay, modification, or vacatur of this Confirmation Order, any act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto, and shall remain binding.

26. <u>Conflicts Between Confirmation Order and Plan</u>. The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish the effectiveness of such provision, it being the intent of the Court that the Plan is confirmed in its entirety and incorporated herein by this reference. The provisions of the Plan and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; *provided, however*, that in the event of any inconsistency among the Plan, the Disclosure Statement, any exhibit or schedule to the Disclosure Statement, the provisions of the Plan shall govern. In the event of any inconsistency between the Plan and this Confirmation Order, the Confirmation Order shall govern. The provisions of this Confirmation Order are integrated with each other and are nonseverable and mutually dependent unless expressly stated by further order of the Court.

27.     <u>Authorization to Consummate Plan/No Stay</u>. Notwithstanding Bankruptcy Rule 3020(e), 6004(g), 6006(d), 7062 or otherwise, but subject to Article XI of the Plan, the Debtor and Reorganized Debtor are authorized to consummate the Plan upon entry of this Confirmation Order, and the Confirmation Order shall take effect on the date hereof.

28.     To effectuate the above-specified modification to section 3.3.2 of the Plan, section 3.3.2 of the Plan with respect to Class 2B is hereby modified to provide that Volvo Financial Services shall receive monthly payments of $1,650.00 per vehicle financed by the Debtor, starting 15 days after the entry of the Confirmation Order, until the Outstanding Balance owed on each vehicle is paid in full.

29.     To effectuate the above-specified modification to section 3.3.8 of the Plan, section 3.3.8 of the Plan is modified to include the following provision:   Failure to timely pay postpetition taxes shall be an event of default under the Plan solely with regard to a taxing authority.

30.     To effective the above-specified modification to sections 2.3.7 and 3.3.7 of the Plan, the provisions of sections 2.3.7 and 3.3.7 of the Plan are hereby amended and replaced in their entirety with the following language: "Intentionally Omitted."

####END OF ORDER####